**Brandon MAXFIELD, Plaintiff–Appellant,**

v.

**Glenn FAIRALL, Defendant–Appellee.**

No. 11–35944.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2012.*

Filed Nov. 19, 2012.

Brandon Maxfield, Ontario, OR, pro se.

Gerald L. Warren, Law Office of Gerald Warren, Salem, OR, for Defendant–Appellee.

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Oregon state prisoner Brandon Maxfield appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force as barred by the statute of limitations. We have jurisdiction under 28 U.S.C. § 1291. We

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review de novo. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir.2008). We affirm.

The district court properly dismissed the complaint as time-barred because Maxfield filed it after the statute of limitations had run. *See* Or.Rev.Stat. § 12.110(1) (two-year statute of limitations for personal injury claims); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir.2009) ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling.").

The district court properly rejected Maxfield's equitable tolling argument because Oregon law does not allow tolling during periods of imprisonment. *See Douglas*, 567 F.3d at 1109.

The district court properly rejected Maxfield's equitable estoppel argument because Maxfield failed to allege a basis for estoppel. *See Philpott v. A.H. Robins Co., Inc.*, 710 F.2d 1422, 1425 (9th Cir.1983) (for equitable estoppel to apply, there must be an affirmative inducement by defendant that delayed plaintiff from timely filing suit).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.